IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>BRIAN M. ROSVALL,<br><br>          Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:09CR93DAK<br><br>Judge Dale A. Kimball |

      Defendant Brian M. Rosvall has filed a Motion for Early Termination of Supervised Release.  On October 6, 2010, this court sentenced Defendant to 84 months incarceration with the Bureau of Prisons and 36 months of supervised release.  Defendant began serving his supervised release on October 27, 2014.  Therefore, he has completed sixteen months of his term of supervised release.

      Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."   The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any

policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services.  *See* 18 U.S.C. § 3553(a).

Defendant's motion for early termination of supervised release is supported by his probation officer, and the United States has no objection to Defendant's motion.  Defendant has met all the conditions of his supervised release, has been fully compliant, and has had good communication with his probation officer.  Defendant took advantage of many counseling programs and recognizes the benefit they were to changing his behaviors and outlook.  Defendant began working full time while he was at the half-way house and has maintained full time employment during his supervised release.  Defendant also is married and has a stable relationship.  According to Defendant's probation officer, Defendant has done everything possible to provide a stable and nurturing environment for his daughter.  Defendant has been required to navigate the legal system to ensure his daughter's well being and home visits conducted during that process have demonstrated that she thrives in his custody.  Defendant's letter demonstrates that he has completely turned his life around.  He has worked hard to become a responsible citizen to improve his own life and the lives of those around him.  Based on Defendant's conduct, the court finds that an early termination of supervised release is warranted.

Accordingly, the court grants Defendant's motion for early termination of supervised release.  The court requests the Clerk of Court to mail this Order to Defendant at the address provided with his motion.

DATED this 2d day of March, 2016.

                      BY THE COURT:

                      DALE A. KIMBALL
                      United States District Judge